UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15-CR-549 (CEJ) |
| FRANKIE M. LEWIS, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Pursuant to 28 U.S.C. § 636(b), all pretrial matters in this case were referred to United States Magistrate Judge Noelle C. Collins for determination and recommended disposition, where appropriate. On September 12, 2016, Judge Collins issued a Report and Recommendation with respect to the motions filed by defendant Frankie M. Lewis to suppress evidence and statements. The defendant filed timely objections to the Report and Recommendation, and the United States has filed a response.

Pursuant to 28 U.S.C. § 636(b)(1), the district court is required to make a *de novo* determination of the specified proposed findings and recommendations to which objection is made. Here, the Court has reviewed the defendant's motions and the transcript of the suppression hearing.

The defendant does not dispute the factual findings made by the magistrate judge. Indeed, the Court finds that they are supported by the record. At issue here is the magistrate judge's application of the law to the facts. Specifically, the defendant argues that his arrest resulted from statements that were obtained from

˘ 1 ˘

him in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966), and that the warrantless search of his person was without probable cause.

The evidence establishes the police questioned the defendant after he invoked his right to remain silent and requested an attorney.[1] The defendant contends that the statements he made in response to the improper questioning gave the police probable cause to arrest and search him. The Court disagrees. On multiple occasions prior to the arrest on December 8, 2011, law enforcement officers saw the defendant driving a Cadillac Escalade that bore license plates that were registered to a GMC Yukon owned by defendant. On the day of the arrest, the officers learned that the Escalade had been reported stolen. They acquired this information from checking the VIN on the vehicle, not from any statement made by the defendant. The connection between the defendant and the Escalade was established before December 8, and the discovery that the vehicle was stolen was made without any information from the defendant. Thus, there was probable cause for the defendant's arrest and its existence did not rest on unlawfully-acquired evidence. *See United States v. Washington,* 109 F.3d 459, 465 (8th Cir. 1997) (probable cause exists when under the totality of circumstances a prudent person would believe that the defendant committed or was committing a crime).

The Court also concludes that under the inevitable discovery doctrine, the search of the defendant did not violate the Fourth Amendment, even if it occurred before there was probable cause for his arrest. Based on the officers' independent discovery that the Escalade was stolen, there was a reasonable probability that the

---

[1] The government states that it will not offer into evidence at trial any statement made by

defendant would be arrested and searched incident to the arrest. *See United States v. Glenn*, 152 F.3d 1047, 1049 (8th Cir. 1998) (no suppression required when gun found in defendant's pocket during an unjustified search would have been discovered incident to arresting defendant for driving without a license). Additionally, when they encountered the defendant on December 8, law enforcement officers were executing a search warrant on a business that was under investigation for issuing fraudulent vehicle emissions test certificates. Prior to that date, officers had observed the defendant enter the business and engage in conduct that was consistent with the fraudulent activities they were investigating. Thus, there was a reasonable probability that the evidence seized from the defendant would have been discovered by lawful means and, at the time of the search of the defendant, the law enforcement officers were pursuing a substantial alternative line of investigation. *See United States v. Thomas*, 524 F.3d 855, 858 (8th Cir. 2008)(evidence found during an improper search "need not be suppressed if the two prongs of the inevitable discovery doctrine are proved by a preponderance of the evidence: (1) there is a reasonable probability the evidence would have been discovered by lawful means in the absence of police misconduct, and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation.").

For the reasons set forth above, the defendant's objections to the Report and Recommendation are overruled.

Accordingly,

---

the defendant after he invoked his rights.

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge Noelle C. Collins is sustained, adopted, and incorporated herein [Doc. # 88].

**IT IS FURTHER ORDERED** that the motion of defendant Frankie M. Lewis to suppress evidence [Doc. #74] is **denied.**

**IT IS FURTHER ORDERED** that the defendant's motion to suppress statements [Doc. # 75] is **granted** with respect to all statements he made after invoking his rights to remain silent and to counsel, and is **denied** in all other respects.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2016.